IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NO. 1:16-CR-006-07-ELR/AJB |
| GUSTAVO ADOLPHO RAMIREZ- ) | |
| REYES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Before the Court is Defendant Gustavo Adolpho Ramirez-Reyes's motion to suppress geo-location evidence, [Doc. 261]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

In his motion, Ramirez seeks to suppress the fruits of the collection by the Government of historical cell site data about his cell phone, which data was obtained by a court order, as opposed to by search warrant supported by probable cause. [*Id.* at 2]. Ramirez recognizes that in *United States v. Davis*, 785 F.3d 498 (11th Cir. 2015) (en banc), the Eleventh Circuit held that law enforcement may obtain historical cell site data by way of a court order issued pursuant to 18 U.S.C. § 2703(d), and that the Government does not need to obtain a search warrant based on probable cause. [Doc. 261 at 2]; *see also Davis*, 785 F.3d at 511. He explains that he filed the

motion solely to preserve a challenge should the Supreme Court disagree with *Davis*. [*Id.* at 2].

This Court is bound to follow *Davis*. *Cf. Tharpe v. Warden*, --- F.3d ----, ----, No. 14-12464, 2016 WL 4479295, at *__ (11th Cir. Aug. 25, 2016) (recognizing that appellate panel and district court bound by en banc decision of Court of Appeals). Therefore, *Davis* controls and the Government could obtain historical cell site data about Ramirez's cell phone through a § 2703 order and did not need to obtain a search warrant to obtain this information.

In addition, Ramirez's motion sought more time to further explore this issue, [Doc. 261 at 3], and at one of the pretrial conferences, the Court gave Defendant and his co-defendants until June 13, 2016 to file further motions or to perfect already-filed motions. [*See* Doc. 269]. No additional reasons were raised for suppressing the historical cell site data.

Accordingly, the undersigned **RECOMMENDS** that Ramirez's motion to suppress geo-location data, [Doc. 261], be **DENIED**.

The Court has now ruled on matters related to Defendant Ramirez that have been referred to it. Accordingly, Defendant Ramirez's case is **CERTIFIED READY FOR TRIAL**. However, since matters related to this Defendant's co-defendants are still

pending before the undersigned, it is not necessary to place this Defendant's case on the trial calendar at this time.

**IT IS SO RECOMMENDED and CERTIFIED**, this  26th  day of August , 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

3