IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GUSTAVO ADOLFO RAMIREZ REYES, BOP Reg. # 69054-019, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | : : | |
| v. | : : | CRIMINAL ACTION NO. 1:16-CR-6-ELR-AJB-7 |
| | : | |
| UNITED STATES OF AMERICA, Respondent. | : : | CIVIL ACTION NO. 1:19-CV-3760-ELR-AJB |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Gustavo Adolfo Ramirez Reyes, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, [Doc. 789],[1] a memorandum of law, [Doc. 793], and a supplement, [Doc. 810]. The Government filed a motion to dismiss, [Doc. 843], to which Movant did not respond. For the reasons discussed below, the undersigned **RECOMMENDS** that the Government's motion to dismiss be **GRANTED**.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:16-cr-6-ELR-AJB-7.

I.  **Discussion**

On May 22, 2017, Movant pleaded guilty to conspiracy and possession with the intent to distribute methamphetamine. [*See* Docs. 1, 583.] On October 19, 2017, the District Court filed the Judgment and Commitment, sentencing Movant to sixty months of imprisonment, followed by five years of supervised release. [Doc. 682.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Reyes*, 745 Fed. Appx. 97 (11th Cir. Aug. 1, 2018) (per curiam). [Doc. 752.]

In his § 2255 motion, executed on August 10, 2019, Movant claims that (1) "the indictment failed to state an offense," and (2) he received ineffective assistance of counsel. [Doc. 789 at 4-9, 12.] Movant completed his term of imprisonment on April 15, 2020, and he was deported to El Salvador on July 31, 2020. [Doc. 843 at 3.]

The Government moves to dismiss Movant's § 2255 motion as moot because he has been deported. [*Id.* at 4-6.] "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). As the Government correctly argues, Movant (1) completed his term of imprisonment, and (2) is not subject to supervised release and collateral consequences stemming from his

convictions because he is no longer present in the United States. [*Id.*] Therefore, Movant's § 2255 motion does not present "a live controversy with respect to which the [C]ourt can give meaningful relief." *Id.* at 1175; *see also Strubelis v. United States*, Nos. 1:16-cv-782-CAP & 1:13-cr-159-CAP-JKL-1, 2017 WL 2622744 (N.D. Ga. May 23, 2017), *adopted*, 2017 WL 2619224 (N.D. Ga. June 16, 2017) (dismissing § 2255 motion as moot following movant's deportation).

Accordingly, the undersigned **RECOMMENDS** that the Government's motion to dismiss be **GRANTED** and Movant's § 2255 motion be **DISMISSED AS MOOT**.

## II.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different

3

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.   Conclusion

For the reasons stated above,

IT IS RECOMMENDED that (1) the Government's motion to dismiss, [Doc. 843], be **GRANTED**, (2) the § 2255 motion, [Doc. 789], be **DISMISSED AS MOOT**, (3) a COA be **DENIED**, and (4) civil action number 1:19-cv-3760-ELR-AJB be **DISMISSED AS MOOT**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 1st day of March, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE